### PARODI v. TILFORD.

(Supreme Court, Appellate Division, Second Department.　March 4, 1910.)

MUNICIPAL CORPORATIONS (§ 705*)—COLLISION—NEGLIGENCE.

　　The negligence in the collision of a street car and defendant's truck, which threw the pole of the truck against plaintiff's carriage, was that of the driver of the truck; the collision being caused by the swinging of the rear of the car when going round a curve, and the car, which for some distance had been going parallel with the truck, having been ahead, so that it had the right to keep on, and it having been the duty of the truck driver, who knew the car must make the swing, to keep off sufficiently to avoid it.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, RICH, and CARR, JJ.

Henry W. Goddard, for appellant.
Edward J. Walsh, for respondent.

THOMAS, J. Plaintiff's carriage, in Whitehall street, New York City, stopped to allow teams to come from a boat in slip, and thus clear the approach thereto. A car going northerly on a westwardly or south-bound track, and turning easterly on a cross-over switch to reach the easterly or north-bound track, hit with its rear step the front wheel of defendant's truck, and violently swung the pole thereof to the westward, so that it passed through the window of plaintiff's carriage, with resultant injury to plaintiff. Hence the rear of a car swing-

ing easterly hit the easterly front wheel of a north-bound truck, and forced it into a carriage on its westerly side. Who is at fault?

The uncontradicted evidence of the motorman is that the truck was 4 feet behind the front of the car at starting, and this relation was maintained for 100 feet, and, so far as appears, until the accident happened. During this time their courses were parallel, until the car swung to the right, which threw its rear to the left 1½ to 2 feet, and the truck was hit because it was too close to the car. If the car was ahead at starting, it had the right to start; and, as the truck driver knew that the car must make the swing that it did make, it was his duty to keep off sufficiently to avoid the effect of it. The only two ways of avoiding a collision were by the truck driver driving further toward the westward, or the motorman slacking or stopping his car to let the truck precede him, thereby yielding the way. The truck driver could not well stop, as he headed the procession of vehicles coming from the boat.. The car, by stopping, would have delayed all the cars behind it, and such stopping would have been ineffective, unless it had remained so stopped until the entire train of wagons had passed. So the obvious and only alternative was for the truck to keep off. The omission to do so was negligence, and upon the evidence presented the court should have so found. Even if the motorman was negligent, this did not palliate the truckman's fault.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.

---

PARODI v. TILFORD.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, RICH, and CARR, JJ.

Henry W. Goddard, for appellant.
Edward J. Walsh, for respondent.

PER CURIAM. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event, on the authority of Melanie Parodi v. Tilford (decided herewith) 121 N. Y. Supp. 535.