### TOMBLIN v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department. June 14, 1915.)

MUNICIPAL CORPORATIONS ☞706 — STREETS — PERSONAL INJURIES — NEGLIGENCE—SHYING OF HORSE.

　　In a street car passenger's action against a city for injuries from being struck by the pole of a cart owned by the city, when the horse attached to the cart shied at a piece of paper blown past its head, mere proof that the horse, which was shown to be ordinarily quiet, shied, or that it was new to the work on the streets, was insufficient to charge the city with actionable negligence, in the absence of proof that the driver was not using such precaution as would a reasonable person under the circumstances.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ☞706.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph Tomblin against the City of New York. From judgment for plaintiff, defendant appeals. Reversed, and new trial awarded.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Frank L. Polk, Corp. Counsel, of New York City (Terence Farley and E. Crosby Kindleberger, both of New York City, of counsel), for appellant.

James B. Mackie, of New York City (Frederic C. Scofield, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff was injured while riding as a passenger on an open street car on Second avenue. The testimony in this case is undisputed, all the witnesses were produced by the plaintiff, and the defendant rested upon its motion to dismiss, except in so far as it had made one of the witnesses produced by the plaintiff its own.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The facts are that the car upon which the plaintiff was riding was proceeding in a southerly direction under the elevated railway structure on Second avenue. The plaintiff was sitting at the end of the rear seat. A cart owned by the city was being driven northward along the easterly track under the elevated railway about five feet from the car in which the plaintiff was riding. When the cart was opposite to the car, a piece of white paper was in some manner blown past the head of the horse attached to the cart owned by the city. The horse shied and jumped towards the street car, and the pole of the cart struck the plaintiff, causing the injuries of which the plaintiff complains. The horse was a green horse; that is, it had been owned by the city only two days. But it showed no signs of nervousness, and previous to the accident it had passed automobiles and under the elevated railway track without trouble. The driver had been driving along the cart until shortly before the accident, and had gone over to the railway track to pass a truck of some kind which was backed against the curb. Upon this evidence the trial justice held that the driver of the city was negligent.

It is, of course, not claimed by the plaintiff that the mere fact that an ordinarily quiet horse shied is proof of negligence, or that it is negligence per se to drive a new horse in the streets of the city. Certainly, where a piece of white paper flies close to a horse's head, it is a matter of common experience that a horse is apt to shy, and no negligence could possibly be inferred from the fact that the driver could not control the horse within five feet before the plaintiff was struck. The plaintiff does, however, claim, and this is his whole claim of negligence, that it was negligence on the part of the driver to bring a horse that was green so close to the car that, in the event of its shying, he could not prevent an accident. He claims that this case is analogous to the case of Parodi v. Tilford, 136 App. Div. 734, 121 N. Y. Supp. 535. In that case the driver of defendant's truck proceeded alongside of a street car, four feet behind the front of the car, knowing that the car must at a certain point turn across a switch directly in front of the truck. When the car turned the switch, it struck the defendant's truck. Obviously, in that case, the defendant's driver was negligent in voluntarily putting himself in a position where a collision was practically inevitable. In this case, however, no such facts appear. The defendant's cart had a right to proceed along the street. It would be practically impossible to do so without coming within at least five feet of other vehicles. When it came to the truck standing against the curb, it had a right to turn out to proceed along its way. No reasonable person could have foreseen that by so doing he would come into a collision with any other vehicle. It does not even appear that, if he had waited near the curb till the truck would move, he would not have been at least as much exposed to danger.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.